FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 9: 01

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45258-8-II |
| Respondent, | |
| v. | |
| ROBERT J. WALLS, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Robert J. Walls appeals his sentence for second degree identity theft. He argues that the trial court erroneously interpreted RCW 9.94A.030(20) disjunctively to permit the court to enhance his sentence for a felony domestic violence offense as defined in *either* RCW 10.99.020 *or* RCW 26.50.010. *State v. Kozey*, 183 Wn. App. 692, 334 P.3d 1170 (2014), controls the result here and requires a disjunctive interpretation. Accordingly, we affirm his sentence.

## FACTS

Based on incidents in March and May 2013, the State charged Walls with witness tampering (count 1),[1] three counts of violating a domestic violence no-contact order (counts 2, 5,

---

[1] RCW 9A.72.120.

and 6),[2] second degree identity theft (count 3),[3] and fourth degree assault (count 4).[4] A jury found Walls guilty of three no-contact order violations and second degree identity theft. In a domestic violence special verdict, the jury also found that Walls and the victim were "members of the same family or household." Clerk's Papers at 111.

At sentencing, Walls argued that because the State did not prove that his second degree identity theft was a "domestic violence" offense as defined in both RCW 10.99.020 and RCW 26.50.010, his offender score should be zero. But the trial court agreed with the State, determined that Walls's offender score was three, and ordered a standard range sentence. Walls now appeals his sentence.

## DISCUSSION

Walls argues that his offender score should have been zero because RCW 9.94A.030(20) must be read conjunctively to permit an enhanced sentence when he is convicted only of a felony domestic violence offense based on the definitions of "domestic violence" in *both* RCW 10.99.020 *and* RCW 26.50.010. We disagree and affirm Walls's sentence.

We review the trial court's calculation of a defendant's offender score de novo. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187, *cert. denied*, 135 S. Ct. 287 (2014). A defendant's offender score may be increased if he has committed a felony "domestic violence offense" that was pleaded and proven using the definition of "domestic violence" in RCW 9.94A.030. RCW

---

[2] RCW 26.50.110.

[3] RCW 9.35.020(3).

[4] RCW 9A.36.041.

9.94A.525(21). Under RCW 9.94A.030(20), "'[d]omestic violence' has the same meaning as defined in RCW 10.99.020 *and* 26.50.010." (Emphasis added.)

In *Kozey*, we addressed this exact issue and held that the definition of "domestic violence" in RCW 9.94A.030(20) should be read disjunctively to permit a trial court to enhance an offender's sentence based on the definition of domestic violence in either RCW 10.99.020 or RCW 26.50.010. 183 Wn. App. at 695, 705. We rejected Kozey's argument that his offender score was zero because the State only pleaded and proved his violations under the RCW 10.99.020 definition of domestic violence. *Kozey*, 183 Wn. App. at 695, 698, 702.

Because *Kozey* requires a disjunctive interpretation of "domestic violence" in RCW 9.94A.030(20), the State only needed to prove that Walls's second degree identity theft conviction was a "domestic violence" offense under either RCW 10.99.020 or RCW 26.50.010. 183 Wn. App. at 702. Walls was convicted of second degree identity theft and three nonfelony no-contact order violations, and the State pleaded and proved his second degree identity theft conviction under the RCW 10.99.020 definition of a "domestic violence" offense. Therefore, the trial court properly calculated his offender score.

In *Kozey*, we rejected each of the arguments that Walls makes here, and he directs us to no new authority or argument to support his position. 183 Wn. App. at 695-705. Accordingly, we hold that the trial court did not err when it calculated Walls's offender score.

No. 45258-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

LEE, J.

4